ALICIA BACÓ DE PIÑEIRO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1143. Submitted May 22, 1944.—Decided May 31, 1944.

670

*Luis López de Victoria* for appellant. The registrar appeared by brief.

Mr. Chief Justice Travieso delivered the opinion of the court.

The appellant acquired by purchase from the brothers, Ignacio and Victoria Agostini, a lot situated in the town of Yauco. In the deed of sale the purchaser was described as "of age, landowner, widow and resident of Yauco, Puerto Rico."

The fifth paragraph of the deed presented in the registry for record reads thus:

"Fifth: The sale is made for Two Thousand Five Hundred dollars, which amount the vendors . . . admit to have received from the purchaser before the execution of this deed, to their full satisfaction and in the proportion due them, for which amount they issue a credit of payment, receipt in due form and this deed as evidence of possession."

The respondent registrar made the recordation sought "with the curable defect of failure to establish the civil status of the purchaser when she delivered the money." The appellant alleges that the ruling is erroneous and should be reversed.

The registrar contends, in support of his decision, that in view of the fact that the contracting parties agreed as to the subject-matter of the contract and as to the price and since the same was delivered prior to the date of the execution of the deed of sale, the contract was perfected at the time of the delivery of the money; and that it is in regard to that date—and not the date of the deed—that the civil status of the purchaser should be established, in order to

determine whether the property, the object of the contract, is of a separate or conjugal character.

Section 1339 of the Civil Code (1930 ed.) provides that "The sale shall be perfected between vendor and vendee and shall be binding on both of them, if they have agreed upon the thing which is the object of the contract and upon the price, even when neither has been delivered." In the case at bar the contracting parties did not confine themselves to agreement upon the thing the object of the contract, and upon the price. They went beyond the requirements provided by law in order to perfect the contract, and the purchaser delivered the stipulated price before the execution of the deed.

If the contract of sale between the Agostinis and the appellant was perfected and was binding on both parties from the time that the appellant paid the stipulated price, there is no doubt that it is important for the purposes of the registry to determine the civil status of the purchaser of the property, appellant herein, at the time that she paid said price. If at that time she was married, the acquisition should be presumed as conjugal property. Section 1307 of the Civil Code (1930) which is equivalent to §1407 of the Spanish Civil Code, provides: "All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife."

In his Commentaries on the Civil Code, referring to §1407 of the Spanish Code, Manresa states:

"As we have already seen in Sections 1396 and 1401 it makes no difference under the law that acquisitions for a valuable consideration should be effected in the name of the husband or the wife, the only consideration of importance being the origin of the money or the equivalent, and thus, property acquired at the expense of the fund of one of the spouses alone, is his separate property, and that acquired at the expense of the common fund is conjugal. If it is not

shown from where it was taken, Section 1407 presumes that it comes from the common fund and considers the property as belonging to the conjugal partnership.

"*      *      *      *      *      *      *

"Since the presumption is established in favor of the community, it is incumbent on the spouse who alleges that the property or rights belong to him to prove it, thus overriding the fact of the presumption."

In our opinion the respondent registrar did not err in entering his ruling as to said curable defect. It is true that the appellant was a widow at the time of the execution of the deed, but no presumption exists whatsoever that she was a widow when she paid the stipulated price for the acquisition of the lot. *Delgado* v. *Registrar,* 23 P.R.R. 654, 656; *Figueroa* v. *Registrar,* 31 P.R.R. 360, and *Martínez* v. *Registrar,* 62 P.R.R. 832. The registrar's decision is not based on any presumption. Since it appears from the deed that the purchaser is a widow and that the stipulated price was paid prior to the execution of the deed, the registrar, on behalf of those who might have any right in the property belonging to the conjugal partnership which existed between the appellant and her deceased husband, acted correctly in requiring evidence of the civil status of the purchaser at the time that she paid the price for the property.

The ruling appealed from should be affirmed.